UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
..................................................................................X

| | |
|---|---|
| GATEWAY OVERSEAS, INC., | Docket No. 07 CIV 8384 |
| Plaintiff, | |
| - against - | VERIFIED COMPLAINT |
| TEXCRAFT SOULUTIONS (PVT) LIMITED, AHSAN SAEED KHAN, Individually and as Chief Executive, MIRZA USMAN GHANI, Individually and as Director ALI IMRAN IQBAL, Individually and as Director | Assigned Judge : Judge Marrero |
| Defendants. | |

..................................................................................X

Plaintiff, by its undersigned counsel, alleges upon knowledge as to itself and its own actions and upon information and belief as to all other matters alleged below as follows:

## NATURE OF THIS ACTION

1. This is an action seeking injunctive relief and monetary damages against defendants for (a) Breach and circumvention of terms of the Contract (b) Rendition of Accounts (c) Payment of Earned Commissions and (d) Tortuous Interference with the Business and Future Business of the plaintiff.

## JURISDICTION AND VENUE

1(A) This court has original jurisdiction over this action pursuant to 28 USC §1332 in that such jurisdiction is founded upon the diversity of citizenship between the parties to this action

1

## JURISDICTION AND VENUE

1(A)  This court has original jurisdiction over this action pursuant to 28 USC §1332 in that such jurisdiction is founded upon the diversity of citizenship between the parties to this action and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy five thousand ($75,000.00).

1(B)  the parties by the written agreement, agreed to the jurisdiction at United State District Court, New York, NY and also agreed to be governed by the Laws of State of New York, United States of America.

1(C)  Venue is proper pursuant to §1391(a).

## THE PARTIES

2.  Gateway Overseas Inc. is and was at all relevant times a corporation duly organized and existing under the Laws of State of New York. Gateway Overseas Inc. maintains its principal place of business at 377, Rector Place, Suite 2C, New York, NY 10280.

3.  Upon information and belief, Texcraft Solutions Private Limited is a corporation organized and incorporate as per the relevant Laws of Pakistan with principal office at 38-XX Block, Phase-4, DHA, Lahore-54000, Pakistan. Hereinafter referred as, defendant no. 1.

4.  Upon information and belief, Mr. Ahsan Saeed Khan (defendant no.2) is the chief executive office of the defendant no. 1 and Mirza Usman Ghani (defendant no. 3) and Ali Imran Iqbal (defendant no. 4) are directors of the defendant corporation.

2

## BACKGROUND FACTS

5. Upon information and belief Gateway Overseas, Inc., plaintiff herein is a corporation organized under the laws of State of New York and is engaged in business of brokering transactions between buyers and sellers of greige fabrics, yarn and other textile and textile related products.

6. Upon information and belief defendant no.1, Texcraft Solutions Private Limited is a corporation organized under the laws of Pakistan and has contacts among textile vendors and suppliers in Pakistan. Defendant no. 2, 3 and 4 are the officers and directors of the defendant no. 1 who have signed the Sub-Broker Agreement (herein after referred as "agreement").

7. On or around July 15, 2003, an agreement was entered and executed by and between plaintiff and defendant no. 1, which was also signed by defendant no. 2, 3 and 4. The said agreement appointed defendant as representative of the plaintiff who secure bids from textile vendors/suppliers with respect to specific purchase request submitted to defendant by plaintiff on behalf of textile importers, purchasers and to perform other related services.

8. The said agreement besides all routine terms and conditions also contained covenants pertaining to non-circumvention, confidential information and non-solicitation/non-competition clauses.

9. During the course of business, plaintiff shared not only the vital and substantive information about the clients, customers, contacts and trade secrets but also introduced many vendors and buyers to the defendants.

3

10.  The business between plaintiff and defendants continued until April 24, 2007 when defendants unilaterally terminated the said Sub-Broker Agreement.

11.  After the termination, both the parties were continuing to engage in their usual business but recently plaintiff learned that defendants have approached the buyers, customers, clients of plaintiff directly and solicited and conducted business in range of several million dollars. The said misconduct of the defendants is in clear contravention of term six of the Sub-Broker Agreement, which provides as under.

> *"6. Non-Circumvention. TSL acknowledges that as a result of communications contemplated by the transactions hereunder. TSL will become aware of names of textile importer-purchaser and related information that is proprietary to GOI, which names and related information would not become known to TSL but for the communications and transactions pursuant to this Agreement. In consideration of GOI's entering into this Agreement and of fees to be paid to TSL hereunder, and without limiting the generality of the provisions of Section 7-10 hereunder. TSL on behalf of itself and each of its officers, directors, shareholders, consultants, attorneys, employees, agents and Affiliates (as defined below), hereby agrees during the term of this Agreement and thereafter, (a) not to contact for any purpose, either directly or indirectly any of the importer-purchasers whose names are submitted to TSL by GOI ("GOI Contacts") or any of their officers, directors, shareholders, consultants, attorneys, employees, agents or other Affiliates of any GOI Contacts and (b) not to undertake any transaction of any kind with any GOI Contact or to collect any fees in connection with any GOI Contact, in each case, without the express prior written agreement of GOI, which agreement may be withheld in GOI's sole discretion. The term "Affiliate" of any person or entity shall include any person or entity controlling, controlled by or under common control with such person or entity."*

12.  In view of the Term 6 as detailed herein above, defendants were forbidden from contacting for any purpose either directly or indirectly any of the importer, purchaser whose names are submitted by plaintiff or their officers, directors, shareholder, consultants or attorneys during the term of the said agreement or ever thereafter. They were further prohibited from undertaking any transaction of any kind with any contact of the plaintiff or to collect any fees in

4

connection with that. Defendants were required to take a prior permission before entering any such transaction. In the instant matter, plaintiff has known at least one such contact West Point Steven Mills in United States of America, which was introduced by plaintiff to the defendants. Plaintiff ordered merchandise, services or other commodities on behalf of West Point Stevens to defendants during the term of the agreement. Upon termination on or around April 24, 2007 as per the terms of the agreement, defendants violated the terms and contacted or solicited business from plaintiff's contact in United States of America.

## FIRST CAUSE OF ACTION
### BREACH AND CIRCUMVENTION OF TERMS OF THE CONTRACT

13. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 12 above.

14. Defendants have committed breach of contracts by violating the terms and conditions of *Sub-Broker Agreement* duly executed by and between the parties. The said breach including contractual liquated damages, have damaged plaintiff in an amount believed to be over $7.5 Million.

## SECOND CAUSE OF ACTION
### RENDITION OF ACCOUNTS

15. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 14 above.

5

16.     Defendants are continuing to conduct business with the parties introduced to the business by plaintiff and as such plaintiff is entitled to know the amount of transactions conducted by defendant in order to ascertain plaintiff's legitimate commission or profit from the transaction. Therefore, plaintiff requires defendant to provide all books of records and accounts to determine the quantum of business and the commission earned by plaintiff.

### THIRD CAUSE OF ACTION

### PAYMENT OF EARNED COMMISSIONS

17.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 16 above.

18.     Defendants have actively transacted business with the plaintiff's contacts, customers, clients or principals resulting into unjustified and unfair enrichment on part of the defendants. Consequently, plaintiff is entitled to the due and payable commission earned by it. Therefore, plaintiff is liable to receive commission at least in the sum of $750,000.00 as per the estimate of the business conducted by the defendant.

### FOURTH CAUSE OF ACTION

### TORTUOUS INTERFERENCE WITH THE BUSINESS AND FUTURE BUSINESS OF THE PLAINTIFF

19.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 18 above.

20. The defendants were fully aware about the business relationships between plaintiff and West Point Stevens, Inc. were such, that there was a reasonable expectancy that plaintiff would continue to conduct business with West Point Stevens, Inc. and as such defendants were aware of the impending business relationship between plaintiff and West Point Stevens, Inc. At the time of tortuous interference defendant had complete knowledge of plaintiff's economic expectancy at the time they interfered with it. Defendant intentionally and unlawfully interfered with the business relations of the said parties. But for the defendants interference in their relationship had caused loss of goodwill income and future earnings and profits and damages are continuing in an amount to be determined at trial.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff demands judgment against the defendants as follows:

a. On the first cause of action plaintiff demands judgment against defendants in a amount believed to be over US $7.5 Million.

b. On the second cause of action plaintiff demands judgment against defendants in an amount to be determined by the honorable court at the time of trial.

c. On the third cause of action plaintiff demands judgment against defendants in an amount at least $750,000.00.

d. On the fourth cause of action plaintiff demands judgment against defendants in an amount to be determined by the honorable court at the time of trial.

  e. Plaintiff demands an order against the defendants to render complete and accurate account of business conducted by the defendants with the parties introduced by plaintiff.

  f. Plaintiff demands a judgment against defendants restraining them from conducting any business with the parties introduced by plaintiff.

  g. Punitive damages to be determined and awarded by the honorable court in favor of the plaintiff.

  h. Award plaintiff cost and disbursements of this action.

  i. Granting plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
   September 27, 2007

LAW OFFICES OF SANJAY CHAUBEY

By: _____
SANJAY CAUBEY, ESQ (SC-3241)

Attorneys for Plaintiff
*Gateway Overseas Inc.*

Empire State Building
350, Fifth Avenue, Suit 5013
New York, New York 10118
Phone: (212) 563-3223
Fax: (212) 563-4534

8

## VERIFICATION

STATE OF NEW YORK      )
                                               ss.:
COUNTY OF NEW YORK )

Madhusudan Wagh, being duly sworn, deposes and says:

I am the director of Gateway Overseas, Inc. in this action, and I have read and know the contents of the foregoing Verified Complaint. The Verified Complaint is true to my own knowledge, except as to matters alleged upon information and belief, and as to those matters I believe it to be true.

Sworn to before me
this 27th Sep 2007

_____
Notary Public

Sanjay Chaubey
Notary Public, State of New York
No. 02CH6041637
Qualified in Westchester County
Commission Expires May 08, 20_10_

_____
Madhusudan Wagh