UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
GATEWAY OVERSEAS, INC.,                    ANSWER WITH AFFIRMATIVE
                                           DEFENSES AND
             Plaintiff,             COUNTERCLAIMS

       -against-                         Dkt. No.   07 Civ 8384 (Marrero, J.)

TEXCRAFT SOLUTIONS (Pvt) LIMITED,
AHSAN SAEED KHAN, Individually and as
Chief Executive, MIRZA USMAN GHANI,
Individually and as Director ALI IMRAN IQBAL,
Individually and as Director,

             Defendants.
----------------------------------------X

      The Defendants Texcraft Solutions (Pvt) Limited, Ahsan Saeed Khan, Individually and as Chief Executive, Mirza Usman Ghani, Individually and as Director, and Ali Imran Iqbal, Individually and as Director, by their Attorney, Henry I. Weil, Esq., do state and say, as and for their Answer as follows:

## NATURE OF THIS ACTION

1     Paragraph "1" of the Complaint contains no averment requiring a response as it sets out the supposed motive of Plaintiff in bringing this action; the Defendants deny they have breached the contract; further denies any claim for accounting; further denies any claim for earned commissions; and any claim for tortious interference with Plaintiff's business and future business.

## JURISDICTION AND VENUE

2     The Defendants lack information sufficient to form a belief as to truth of the averments in paragraph 1(A), 1(B) and 1© of the Complaint.

## PARTIES

3    The Defendants lack information sufficient to form a belief as to the truth of the averments in paragraph "2" of the Complaint.

## BACKGROUND FACTS

4    The Defendants lack information sufficient to form a belief as to the truth of the averments in paragraph "5" of the Complaint.

5    The Defendants deny the allegations contained in paragraphs "6" and "7" of the Complaint except that in and about 2003 Plaintiff and the Defendant Texcraft Solutions (Pvt) Limited [hereinafter, "Texcraft"] entered into a business relationship concerning the sales of various fabrics, and otherwise leaves all questions of law and fact to the Court.

6    The Defendants deny the averments in paragraph "8" of the Complaint, and otherwise leaves all questions of law and fact to the Court.

7    The Defendants lack information sufficient to form a belief as to the truth of the averments in paragraph "9" of the Complaint, except that on and after 2003, the Plaintiff and the Defendant Texcraft engaged in commercial dealings, and otherwise leaves all questions of law and fact to the Court.

8    The Defendants deny the averments in paragraph "10" of the Complaint, and specifically state that Plaintiff failed and otherwise breached its obligations under the terms and conditions of their business relationship by failing to pay and otherwise act in good faith, and otherwise leaves all questions of law and fact to the Court.

9   The Defendants deny the averments in paragraph "11" of the Complaint, and otherwise leaves all questions of law and fact to the Court.

10  The Defendants deny the averments in paragraph "12" of the Complaint, and specifically state that West Point Home [hereinafter, "WPH"] which has been a client of the Defendants herein since in and about 2001. The Defendants have not engaged with West Point Services. The Defendants further state they introduced WPH to Plaintiff, and at all times material, it was the intention of the parties that WPH would remain a client of the Defendants Defendants herein. The Defendants otherwise leaves all questions of law and fact to the Court.

### ANSWERING PLAINTIFF'S FIRST CAUSE OF ACTION

11  As to the averments in paragraph "13" of the Complaint, the Defendants restate their answers to paragraphs nos. "1" through "12" with the same force and effect as if more fully stated herein.

12  The Defendants deny the averments in paragraph "14" of the Complaint, and specifically state that Plaintiff has breached and continues to breach the terms and conditions of their business relationship; they specifically deny Plaintiff's claims as to damages, and otherwise leaves all questions of law and fact to the Court.

### ANSWERING PLAINTIFF'S SECOND CAUSE OF ACTION

13  As to the averments in paragraph "15" of the Complaint, the Defendants restate their answers to paragraphs nos. "1" through "14" with the same force and effect as if more fully stated herein.

14  The Defendants deny the averments in paragraph "16" of the Complaint, and specifically state that Plaintiff has breached and continues to breach the terms and conditions of their business relationship; they specifically deny Plaintiff's claims as to damages, and otherwise leaves all questions of law and fact to the Court.

### ANSWERING PLAINTIFF'S THIRD CAUSE OF ACTION

15  As to the averments in paragraph "17" of the Complaint, the Defendants restate their answers to paragraphs nos. "1" through "16" with the same force and effect as if more fully stated herein.

16  The Defendants deny the averments in paragraph "18" of the Complaint, and specifically state that Plaintiff has breached and continues to breach the terms and conditions of their business relationship; they specifically deny Plaintiff's claims as to damages, and otherwise leaves all questions of law and fact to the Court.

### ANSWERING PLAINTIFF'S FOURTH CAUSE OF ACTION

17  As to the averments in paragraph "19" of the Complaint, the Defendants restate their answers to paragraphs nos. "1" through "18" with the same force and effect as if more fully stated herein.

18  The Defendants deny the averments in paragraph "20" of the Complaint, and specifically state that Plaintiff has breached and continues to breach the terms and conditions of their business relationship; they specifically deny Plaintiff's claims as to damages, and otherwise leaves all questions of law and fact to the Court.

### FIRST AFFIRMATIVE DEFENSE

19      The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

20      At all times material hereto, the individual Defendants, Ahsan Saeed Khan, Mirza Usman Ghani and Ali Imran Iqbal acted within their corporate capacities within their authority as members of the Defendant Corporation, Texcraft, and as such, is protected by the shield of corporate immunity.

## THIRD AFFIRMATIVE DEFENSE

21      Plaintiff's claims are barred by the statute of frauds.

## FIRST COUNTERCLAIM AND FOURTH AFFIRMATIVE DEFENSE

22      The Defendants repeat and reallege their answers to paragraphs nos. "1" through "20" of the Complaint along with all the allegations contained in paragraphs nos. "1" through "21" of this Answer with the same force and effect as if more fully stated herein.

23      At all times material hereto, Plaintiff, Gateway Overseas, Inc. is a domestic corporation of the State of New York, doing business in the State of New York.

24      At all times material hereto, the Defendant Texcraft is foreign business entity engaged in doing business in the country of Pakistan.

25      At all times material hereto, Plaintiff is a merchant engaged in the sale and re-sale of fabrics, yarn and other textile related products.

26      At all times material hereto, the Defendant TexCraft is a merchant engaged in the sale and re-sale of fabrics, yarn and other textile related products.

27  In and about July, 2003, the Plaintiff, TexCraft, began providing services to Plaintiff for the sale and re-sale of fabrics, yarn and other textile related products.

28  In consideration of the services provided by Defendant TexCraft in obtaining the various goods for Plaintiff, Plaintiff agreed to pay the Defendant TexCraft a commission of one (1%) percent of the total invoice value.

29  Between 2003 and 2007, the Defendant, TexCraft provided services for Plaintiff by obtaining goods for the sale and re-sale by Plaintiff.

30  Between 2003 and 2007, the Defendant, TexCraft provided Plaintiff with regular statements and accounts for the services and goods it provided for Plaintiff.

**A. MSC Textiles (Pvt.) Ltd. Account**

31  Between 2006 and 2007, the Defendant, TexCraft provided Plaintiff with goods MSC [hereinafter, "MSC"] at the specific instance and request of Plaintiff at the agreed commission of one (1%) percent of the total invoice value.

32  On or about October 28, 2005 through June 28, 2007, at the specific instance and request of Plaintiff, the Defendant TexCraft sold and delivered various goods from MSC at the agreed commission of one (1%) percent of the total invoice value.

33  On or about October 28, 2005 through June 28, 2007, at the specific instance and request of Plaintiff, the Defendant TexCraft sold and delivered various goods from MSC at the agreed commission price of $57,725.42

34  Although duly demanded, Plaintiff has failed to pay the Defendant TexCraft commissions for goods from MSC any portion of the amount due and owing leaving an outstanding balance of $57,725.42.

**B. Mustaqim Dyeing & Printing Industries (Pvt) Ltd. Account**

35  Between 2006 and 2007, the Defendant, TexCraft provided Plaintiff with goods from Mustaqim Dyeing & Printing Industries (Pvt) Ltd. [hereinafter, "MUstaqim"] at the specific instance and request of Plaintiff at the agreed commission of one (1%) percent of the total invoice value.

36  On or about January 2, 2006 through March 22, 2007, at the specific instance and request of Plaintiff, the Defendant TexCraft sold and delivered various goods at the agreed commission of one (1%) percent of the total invoice value.

37  On or about January 2, 2006 through March 22, 2007, at the specific instance and request of Plaintiff, the Defendant TexCraft sold and delivered various goods from Mustaqim at the agreed commission price of $1,458.58.

38  Although duly demanded, Plaintiff has failed to pay the Defendant TexCraft commissions for goods from Mustaqim any portion of the amount due and owing leaving an outstanding balance of $1,458.58.

**C. Masood / Roomi Fabrics Limited**

39  Between 2006 and 2007, the Defendant, TexCraft provided Plaintiff with goods Masood / Roomi Fabrics Ltd. [hereinafter, "Masood"] at the specific instance and request of Plaintiff at the agreed commission of one (1%) percent of the total invoice value.

40  On or about 2005 through 2007, at the specific instance and request of Plaintiff, the Defendant TexCraft sold and delivered various goods from Masood at the agreed commission of one (1%) percent of the total invoice value.

41  On or about 2005 through 2007, at the specific instance and request of Plaintiff, the Defendant TexCraft sold and delivered various goods from Masood at the agreed commission price of $207,219.83.

42  Although duly demanded, Plaintiff has failed to pay the Defendant TexCraft commissions for goods from Masood any portion of the amount due and owing leaving an outstanding balance of $207,219.83.

**D. Combined Accounts Stated**

43  As a result of the foregoing, the Defendant TexCraft has been damaged in an amount to be determined by this Court, but in no event less than $266,403.83 due and owing from MCS, Mustaqim and Masood.

**SECOND COUNTERCLAIM AND FIFTH AFFIRMATIVE DEFENSE**

44  The Defendants repeat and reallege their answers to paragraphs nos. "1" through "20" of the Complaint along with all the allegations contained in paragraphs nos. "1" through "43" of this Answer with the same force and effect as if more fully stated herein.

45  There is presently due and owing from Plaintiff to the Defendant TexCraft the sum of $57,725.42 on a certain book account for goods and services rendered by the Defendant TexCraft on behalf of the Plaintiff for goods sold and delivered from MSC.

46    The Defendant, TexCraft, has made numerous demands for payment for the outstanding balance, and Plaintiff has failed and refused to make payment.

47    As a result of the foregoing, the Defendant, TexCraft has been damaged in an amount to be determined by this Court, but in no event less than $57,725.42.

### THIRD COUNTERCLAIM AND SIXTH AFFIRMATIVE DEFENSE

48    The Defendants repeat and reallege their answers to paragraphs nos. "1" through "20" of the Complaint along with all the allegations contained in paragraphs nos. "1" through "47" of this Answer with the same force and effect as if more fully stated herein.

49    There is presently due and owing from Plaintiff to the Defendant TexCraft the sum of $1,458.58 on a certain book account for goods and services rendered by the Defendant TexCraft on behalf of the Plaintiff for goods sold and delivered from Mustaqim.

50    The Defendant, TexCraft, has made numerous demands for payment for the outstanding balance, and Plaintiff has failed and refused to make payment.

51    As a result of the foregoing, the Defendant, TexCraft has been damaged in an amount to be determined by this Court, but in no event less than $1,458.58 .

### FOURTH COUNTERCLAIM AND SEVENTH AFFIRMATIVE DEFENSE

52    The Defendants repeat and reallege their answers to paragraphs nos. "1" through "20" of the Complaint along with all the allegations contained in paragraphs nos. "1" through "51" of this Answer with the same force and effect as if more fully stated herein.

53  There is presently due and owing from Plaintiff to the Defendant TexCraft the sum of $207,219.83 on a certain book account for goods and services rendered by the Defendant TexCraft on behalf of the Plaintiff for goods sold and delivered from Masood.

54  The Defendant, TexCraft, has made numerous demands for payment for the outstanding balance, and Plaintiff has failed and refused to make payment.

55  As a result of the foregoing, the Defendant, TexCraft has been damaged in an amount to be determined by this Court, but in no event less than $207,219.83.

**FIFTH COUNTERCLAIM AND EIGHTH AFFIRMATIVE DEFENSE**

56  The Defendants repeat and reallege their answers to paragraphs nos. "1" through "20" of the Complaint along with all the allegations contained in paragraphs nos. "1" through "55" of this Answer with the same force and effect as if more fully stated herein.

57  The Defendant, TexCraft is entitled for the reasonable value of its services for the goods and services provided to Plaintiff.

58  Despite the Defendant, TexCraft's demand for payment, Plaintiff has failed and refused to pay same, or any amount thereof.

59  As a result of the foregoing, the Defendant, TexCraft has been damaged in an amount to be determined by this Court, but in no event less than $266,403.83.

**SIXTH COUNTERCLAIM AND NINTH AFFIRMATIVE DEFENSE**

60  The Defendants repeat and reallege their answers to paragraphs nos. "1" through "20" of the Complaint along with all the allegations contained in paragraphs nos.

"1" through "59" of this Answer with the same force and effect as if more fully stated herein.

61  The Defendant, TexCraft's sale of goods and services at the specific instance and request of Plaintiff conferred a benefit upon Plaintiff.

62  Plaintiff accepted all of the goods and services sold and delivered but has wrongfully refused to pay for them.

63  As a result, Plaintiff has been unjustly enriched by the valuable goods and services sold and delivered to Plaintiff by the Defendant, TexCraft, and therefore, Plaintiff is required in law and equity to reimburse and indemnify the Defendant, TexCraft, for the goods and services that were sold and delivered to Plaintiff.

64  Plaintiff's refusal to pay for the goods and services delivered has damaged the Defendant, TexCraft. It would be inequitable for Plaintiff to retain the benefits conferred without paying the Defendant, TexCraft for the value of the goods and services sold and delivered.

65  As a result of the foregoing, the Defendant, TexCraft has been damaged in an amount to be determined by this Court, but in no event less than $266,403.83.

**SEVENTH COUNTERCLAIM AND TENTH AFFIRMATIVE DEFENSE**

66  The Defendants repeat and reallege their answers to paragraphs nos. "1" through "20" of the Complaint along with all the allegations contained in paragraphs nos. "1" through "66" of this Answer with the same force and effect as if more fully stated herein.

67  Pursuant to the 2003 agreement between the parties, the Defendants herein are

|     |     |
| --- | --- |
|     | entitled to indemnification for costs and attorney's fees resulting from Plaintiff's conduct in wrongfully withholding commissions. |
| 68  | Pursuant to the 2003 agreement between the parties, the Defendants herein are entitled to indemnification for costs and attorney's fees resulting from Plaintiff's conduct in wrongfully commencing the within action. |
| 69  | As a result of the foregoing, the Defendant, TexCraft has been damaged in attorney's fees in an amount to be determined by this Court, but in no event less than $100,000.00, plus costs, disbursements and interest on this action. |

**EIGHTH COUNTERCLAIM AND ELEVENTH AFFIRMATIVE DEFENSE**

|     |     |
| --- | --- |
| 70  | The Defendants repeat and reallege their answers to paragraphs nos. "1" through "20" of the Complaint along with all the allegations contained in paragraphs nos. "1" through "70" of this Answer with the same force and effect as if more fully stated herein. |
| 71  | At all times material hereto, WestPoint Home, Inc. [hereinafter, "WPH"] is a Delaware Corporation, and is otherwise duly licensed to do business in the State of New York. |
| 72  | At all times material hereto, WPH a merchant engaged in the manufacture and trade of home textiles. |
| 73  | In and about 2001, the Defendant, Ahsan Saeed Khan was engaged in the sale and re-sale of fabrics, yarn and other textile related products. |

74	In and about 2001, the Defendant, Ahsan Saeed Khan was engaged in the sale and re-sale of fabrics, yarn and other textile related products, and as such, was engaged in doing business with WPH.

75	In and about 2001, the Defendant, Mirza Usman Ghani was engaged in the sale and re-sale of fabrics, yarn and other textile related products.

76	In and about 2001, the Defendant, Mirza Usman Ghani was engaged in the sale and re-sale of fabrics, yarn and other textile related products, and as such, was engaged in doing business with WPH.

77	In and about 2001, the Defendant, Ali Imran Iqbal was engaged in the sale and re-sale of fabrics, yarn and other textile related products.

78	In and about 2001, the Defendant, Ali Imran Iqbal was engaged in the sale and re-sale of fabrics, yarn and other textile related products, and as such, was engaged in doing business with WPH.

79	In and about 2001, the Defendant, Ali Imran Iqbal was engaged in doing business with WPH.

80	In and about 2003, Ahsan Saeed Khan, Mirza Usman Ghani and Ali Imran Iqbal formed the Defendant, TexCraft, a corporation duly formed pursuant to the laws of the foreign sovereign nation of Pakistan.

81	In and about 2003, Ahsan Saeed Khan, Mirza Usman Ghani and Ali Imran Iqbal formed the Defendant, TexCraft for the purposes of engaging in the sale and re-sale of fabrics, yarn and other textile related products.

82    In and about 2003, the Defendant, TexCraft, entered into a working arrangement with Plaintiff for the purpose of the sale and re-sale of fabrics, yarn and other textile related products.

    A.    In the event this Court should determine a contract existed between the Defendant, TexCraft and Plaintiff, then the Defendants are entitled to a declaration that said contract required Plaintiff to pay the Defendant a one (1%) percent commission on the total invoice value;

    B.    In the event this Court should determine a contract existed between the Defendant, TexCraft and Plaintiff, then the Defendants are entitled to a declaration that the purported "Non-Circumvention" provision alleged by Plaintiff in paragraph "11" of the Complaint does not apply to the parties;

    C.    In the event this Court should determine a contract existed between the Defendant, TexCraft and Plaintiff, then the Defendants are entitled to a declaration that the purported "Non-Circumvention" provision alleged by Plaintiff in paragraph "11" of the Complaint does not apply to the parties due to Plaintiff's wrongful conduct;

    D.    In the event this Court should determine a contract existed between the Defendant, TexCraft and Plaintiff, then the Defendants are entitled to a declaration that WPH was a customer of the Defendants prior to their engagement with Plaintiff in 2003, and is excepted from inclusion in Plaintiff's purported "Non-Circumvention" provision as alleged in paragraph "11" of the Complaint;

E.  In the event this Court should determine a contract existed between the Defendant, TexCraft and Plaintiff, then the Defendants are entitled to a declaration that the identity and information concerning WPH does not and did not constitute proprietary information, and the Defendants acted properly in any and all business they conducted with WPH;

F.  In the event this Court should determine a contract existed between the Defendant, TexCraft and Plaintiff, then the Defendants are entitled to a declaration that Plaintiff willfully breached the aforementioned agreement in an attempt to injure the Defendants in order to avoid payment of the Defendant, TexCraft's outstanding invoices, and therefore, Plaintiff under such circumstances, is not entitled to enforcement of said provisions; and,

G.  In the event this Court should determine a contract existed between the Defendant, TexCraft and Plaintiff, then the Defendants are entitled to a declaration that Plaintiff willfully breached the aforementioned agreement and the Defendants are entitled to indemnification and payment for their costs, disbursements and attorney's fees incurred as a result of Plaintiff's conduct.

83  Based on the foregoing, the Defendants are entitled to a declaration concerning the terms and meanings of the purported agreement between the Defendant, TexCraft and Plaintiff.

WHEREFORE, the Defendants demand a judgment against Plaintiff as follows:

A)  Dismissing the Plaintiff's complaint in its entirety; and,

B) Granting the Defendant, TexCraft a judgment on its Counterclaims as follows:

1) Two Hundred & Sixty Six Thousand Four Hundred & Three 83/100 ($266,403.83) Dollars on the First Counterclaim;

2) Fifty Seven Thousand Seven Hundred & Twenty Five 42/100 ($57,725.42) Dollars on the Second Counterclaim;

3) One Thousand Four Hundred & Fifty Eight 58/100 ($1,458.58) Dollars on the Third Counterclaim;

4) Two Hundred Fifty Seven Thousand Seven Hundred & Twenty Five 42/100 ($207,219.83) Dollars on the Fourth Counterclaim;

5) Two Hundred & Sixty Six Thousand Four Hundred & Three 83/100 ($266,403.83) Dollars on the Fifth Counterclaim;

6) Two Hundred & Sixty Six Thousand Four Hundred & Three 83/100 ($266,403.83) Dollars on the Sixth Counterclaim;

7) One Hundred Six Thousand ($100,000.00) Dollars on the Seventh Counterclaim;

8) A Declaratory Judgment on the rights of the Defendants herein pursuant to the Eighth Counterclaim

As well as costs, disbursements and attorneys' fees.

Dated: Brooklyn, N.Y.
       April 7, 2008

                                     Yours, etc.,
                                       MATTHEW A. KAUFMAN, ESQ.

                                       By:    Matthew A. Kaufman [MK 0598]
                                       Trial Counsel for Defendants
                                       32 Court Street - Suite 1506
                                       Brooklyn, New York 11201
                                       Tel. No. (718) 222-1919

TO:    SANJAY CHAUBEY, ESQ.
        Attorney for Plaintiff
        350 Fifth Avenue - Suite 5013
        New York, N.Y. 10118

        HENRY I. WEIL, ESQ.
        Co-counsel for Defendants
        277 Broadway - Suite 101
        New York, New York 10007
        Tel. No. (212) 732-3066

        CLERK OF THE COURT,
            U.S.D.C., S.D.N.Y.

Docket No.    07 Civ. 8384 (Marrero, J.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GATEWAY OVERSEAS, INC.,

Plaintiff,

-against-

TEXCRAFT SOLUTIONS (Pvt.) LIMITED, AHSAN SAEED KHAN, Individually and as Chief Executive, MIRZA USMAN GHANI, Individually and as Director, ALIM IMRAN IQBAL, Individually and as Director,

Defendants.

ANSWER WITH AFFIRMATIVE
DEFENSES & COUNTERCLAIMS
AND RULE 7.1 STATEMENT

MATTHEW A. KAUFMAN
ATTORNEY FOR DEFENDANTS
32 COURT STREET - SUITE 1506
BROOKLYN, NEW YORK 11201
TEL. NO. (718) 222-1919
FILE NO.    13,320.201