UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
...............................................................x
GATEWAY OVERSEAS, INC.,

                  Docket No.: 07CIV8384 (Marrero, J.)

               Plaintiff,

- against -              REPLY TO DEFENDANT'S
                                         COUNTERCLAIM

TEXCRAFT SOLUTIONS (Pvt)
LIMITED, AHSAN SAEED KHAN,
Individually and as Chief Executive,
MIRZA USMAN GHANI, Individually and
as Director, and ALI IMRAN IQBAL,
Individually and as Director,

               Defendants.
...............................................................x

    Plaintiff, by its undersigned counsel, replying to the counterclaim, alleges upon knowledge as to itself and its own actions and upon information and belief as to all other matters alleged below as follows:

1. Contents of paragraph 19 of the first affirmative defense are wrong and denied. The sub-broker agreement executed by and between the parties to this action on July 15, 2003 specifically provides terms of defaults and commencement of action. Therefore, the present complaint of plaintiff contains specific claims upon which relief is requested from the honorable court.

2. In response to paragraph 20 of the second affirmative defense, it is stated that the contents of the same are wrong and denied. None of the individually named defendants are protected by the shield of corporate immunity for the reason the nature of sub-broker agreement was such and unique that all the defendants including defendant's officers, directors, shareholders, consultants, employees, agents and affiliates had agreed during the term of this agreement and thereafter

not to contact any person either directly or indirectly, not to undertake any transaction or to collect fees etc. The term affiliates in the same agreement refers to any person or entity shall include any person or entity controlling, controlled or by under common control with such person or entity. For this specific reason, all the officers, directors signed the agreement in person besides corporate entity. Hence, all individuals named as defendants are liable jointly or severely in this action.

3. Contents of paragraph 21 of the third affirmative defense are wrong and denied. Plaintiff's claims are not barred by any statue of fraud. The subject agreement between the parties is in writing and a copy of the same is attached as **Exhibit 'A'** to this reply. Therefore, third affirmative defendant pertaining to statue of fraud is meritless and misleading.

4. Plaintiff repeats and realleges the previous responses to paragraphs 1 to 3.

5. Contents of paragraphs 22 to 43 the first counterclaim and the fourth affirmative defense are wrong and denied. In this regard, it is submitted that all the third parties including MSC Textiles, (Pvt.) Limited, Mustaquim Dyeing and Printing Industries (Pvt.) Limited and Masood/Roomi Fabric Limited supplied the merchandise directly to West Point Homes. None of the merchandise was sold/purchased by plaintiff in this action. However, defendants were supposed to collect their share of the commission that is 25% of the total commission directly from aforesaid third party suppliers. In fact, plaintiff has not received either a single penny or demand for any such alleged commission from the defendants to

2

date and as such no amount is due to the defendants from the plaintiff least to state that plaintiff owes $266,403.83 or any other amount to defendant.

6. Plaintiff repeats and realleges the previous responses to paragraphs 1 to 5.

7. Contents of paragraphs 44 to 47 of the second counterclaim and the fifth affirmative defense are repetitive of defendant's first counterclaim under the heading A. MSC Textile (Pvt.) Limited Account. Same are wrong and denied and also refer to response to first counterclaim.

8. Plaintiff repeats and realleges the previous responses to paragraphs 1 to 7.

9. Contents of paragraphs 48 to 51 of the third counterclaim and the sixth affirmative defense are repetitive of defendant's first counterclaim under the heading B. Mustaquim Dyeing and Printing Industries (Pvt.) Limited account. Same are wrong and denied and also refer to response to first counterclaim.

10. Plaintiff repeats and realleges the previous responses to paragraphs 1 to 9.

11. Contents of paragraphs 52 to 55 of the fourth counterclaim and the seventh affirmative defense are repetitive of defendant's first counterclaim under the heading C. Masood/Roomi Fabric Limited account. Same are wrong and denied and also refer to response to first counterclaim.

12. Plaintiff repeats and realleges the previous responses to paragraphs 1 to 11.

13. Contents of paragraphs 57 to 59 of the fifth counterclaim and the eighth affirmative defense are repetitive of defendant's first counterclaim under the heading D. Combined Account Stated. Same are wrong and denied and also refer to response to first counterclaim.

14. Plaintiff repeats and realleges the previous responses to paragraphs 1 to 13.

15. Contents of paragraphs 60 to 65 of the sixth counterclaim and the ninth affirmative defense are wrong and denied. Plaintiff provided specific contacts, clients and consulting pertaining to placement of direct orders by the end user company on defendants. Defendants were required to collect the commission from the suppliers and pay the same to the plaintiff. The plaintiff's complaint details the nature of transaction and amounts to be collected by defendant and paid to the plaintiff which defendants have neglected causing severe financial damages and loss of profit to the plaintiff.

16. Plaintiff repeats and realleges the previous responses to paragraphs 1 to 15.

17. Contents of paragraphs 66 to 69 of the seventh counterclaim and the tenth affirmative defense are wrong and denied. In the subject paragraph, defendants have requested for indemnification for cost and attorney fees resulting from commencement of this action, which is to be ascertained by the honorable court upon trial.

18. Plaintiff repeats and realleges the previous responses to paragraphs 1 to 17.

19. Contents of paragraphs 70 to 83 of the eight counterclaim and the eleventh affirmative defense are wrong and denied. Pertaining to paragraphs 71 to 72, no response is required. Pertaining to paragraphs 73 to 81, denies knowledge or information sufficient to form a belief as to the truth of the allegations stated in the said paragraphs. Pertaining to paragraph 82 to 83, it is respectfully submitted that contents of this counterclaim and affirmative defenses are legal questions to

be adjudicated by the honorable court upon trial and needs interpretation of the written sub-broker agreement executed by and between the parties on July 15, 2003.

DEMAND FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendant as follows:

a. Granting plaintiff judgment as demanded in the complaint.

b. Dismissing defendant's answer and counterclaim with prejudice.

c. Awarding plaintiff costs and disbursements of this action.

d. Granting plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 28, 2008

By:_____
SANJAY CHAUBEY, ESQ. (SC3241)

*Attorneys for Plaintiff*
*Gateway Overseas, Inc.*

Law Offices of Sanjay Chaubey
350 Fifth Avenue, Suite 5013
New York, New York 10118
Phone: (212) 563-3223
Fax: (212) 563-4534

5