**EXHIBIT 'A'**



# TEX CRAFT
## SOLUTIONS (PVT) LIMITED

### SUB-BROKER AGREEMENT

SUB-BROKER AGREEMENT dated July 15, 2003 (this "Agreement") by and between TEXCRAFT SOLUTIONS (P) LTD., a corporation organized under the laws of [Pakistan] ("TSL"), with an address of Suite SF (0) 8, Defence Commercial Plaza, Y-block, DHA, Lahore, Pakistan, and GATEWAY OVERSEAS, INC., a [New York] corporation ("GOI") with an address of 377 Rector Place, Suite 2C, New York, New York 10280-1433.

### RECITALS

WHEREAS, GOI is in the business of brokering transactions between buyers and sellers of greige fabrics, yarn and other textiles and textile-related products, and

WHEREAS, TSL has contacts among textile vendor-suppliers [in Pakistan]; and

WHEREAS, GOI desires to engage TSL to represent it [in Pakistan] to secure bids from textile vendor-suppliers with respect to specific purchase requests submitted to TSL by GOI on behalf of textile importer-purchasers and to perform other related services, and TSL desires to be so engaged.

NOW, THEREFORE, in consideration of the mutual promises, agreements and covenants set forth herein, the parties, each intending to be legally bound hereby, do hereby agree as follows:

1. **Appointment.** GOI hereby appoints TSL as its non-exclusive representative to solicit bids from textile vendor-suppliers [in Pakistan] with respect to purchase requests submitted in writing by GOI to TSL, and to provide such other related services as are set forth herein, provided, however, that the determination of which purchase requests shall be submitted to TSL shall be in GOI's sole discretion, and provided, further, however, that TSL shall not solicit bids from any textile vendor-suppliers listed on Schedule A hereto, with the provisions hereof ("Excluded Vendors"). Provided that no additions shall be made to the excluded vendor list at any time during the term of this agreement.

2. **Trade Name.** In connection with any and all activities under this Agreement, TSL and each of its directors, officers, employees and other representatives shall only identify itself and themselves as "representatives of Gateway Overseas, INC.," all work flow and instructions regarding assignments in Pakistan will be controlled by GOI. GOI shall provide business cards and letterhead to TSL bearing the name "Gateway Overseas INC.," for use in connection with any activity contemplated by this Agreement.

---

SUITE#8 SF(O) DEFENCE COMMERCIAL PLAZA, Y-BLOCK, DHA, LAHORE-PAKISTAN
PHONE: +92-42-5896438  FAX: +92-42-5897665



3. <u>Sales Confirmation</u>. TSL shall not have the authority to accept any bid submitted by any vendor-supplier hereunder. Such acceptances shall only be made by the ultimate importer-customers ("Accepted Bids").

4. <u>Other TSL Responsibilities</u>. In addition to the general responsibilities hereunder as described above, TSL shall have the following responsibilities:

    a. Arrange for vendor-supplier samples and deliver same to GOI.

    b. Negotiate best prices with respect to the sales requests;

    c. Coordinate timely and accurate shipment of merchandise following acceptance of bids;

    d. Inspect Accepted Merchandise for quality control purposes and to ensure proper packing; and

    e. Submit the standard GOI broker individual vendor-suppliers and negotiate terms on behalf of GOI, subject to GOI's written approval of all such terms.

5. <u>Remuneration</u>. In consideration of the services to be provided hereunder, GOI shall pay TSL a commission equal to 25% of all commissions received by GOI on account of Accepted Bids involving vendor-suppliers other than Excluded Vendors ("Qualified Sales"). Provided that the commission paid to TSL shall not be less than 1% of the invoice value. No commission or any other fee shall be paid to TSL hereunder in connection with sales made by Excluded Vendors. All commissions paid to TSL hereunder shall be paid as and when GOI is paid. Without limiting the generality of the foregoing, GOI shall deliver to TSL an amount equal to 25% of any commission amounts received on account of Qualified Sales within ten (10) days following receipt thereof by GOI.

6. <u>Non-Circumvention</u>. TSL acknowledges that, as a result of communications contemplated by the transactions hereunder, TSL will become aware of names of textile importer-purchasers and related information that is proprietary to GOI, which names and related information would not become known to TSL but for the communications and transactions pursuant to this Agreement. In consideration of GOI's entering into this Agreement and of the fees to be paid to TSL hereunder, and without limiting the generality of the provisions of Sections 7-10 hereunder, TSL, on behalf of itself and each of its officers, directors, shareholders, consultants, attorneys, employees, agents and Affiliates (as defined below), hereby agrees, during the term of this Agreement and thereafter, (a) not to contact for any purpose, either directly or indirectly, any of the importer-purchasers whose names are submitted to TSL by GOI ("GOI Contacts") or any of their officers, directors, shareholders, consultants, attorneys,



employees, agents or other Affiliates of any GOI Contacts and (b) not to undertake any transaction of any kind with any GOI Contact or to collect any fees in connection with any GOI Contact, in each case, without the express prior written agreement of GOI, which agreement may be withheld in GOI's sole discretion. The term "Affiliate" of any person or entity shall include any person or entity controlling, controlled by or under common control with, such person or entity.

7. Confidential Information. (a) Upon execution of this Agreement, and at any time thereafter, TSL shall treat as confidential any proprietary, confidential or secret information relating to the business or interests of Gateway, whether or not labeled as such, including, but not limited to (i) all plans, including, but not limited to vertical and horizontal business plans and geographical business growth plans, systems, methods, inventory, strategy, designs, programs, procedures, books and records relating to the operations, practices and personnel of GOI (whether instituted or commenced prior or subsequent to the date of this Agreement, and (ii) all trade secrets, customer lists, supplier lists and importer-purchaser lists including, but not limited to the identity of the customers and suppliers of GOI, information concerning the preferences, needs, requirements, transactions, buying and selling patterns, credit worthiness and characteristics of such customers and suppliers, price lists, pricing policies and practices, sources and availability of products, distribution channels, negotiating strategy, computer software, sales techniques, financial information, information about the business plans of GOI, and any other information about or generated by GOI which could, if disclosed, be useful to any competitors of GOI and any other records, documents and information concerning GOI's business activities, practices and procedures, as they may exist from time to time (collectively, "Confidential Information").

(b) Due to the extremely fragmented and competitive nature of the particular marketplace in which GOI operates, the Confidential Information, including but not limited to GOI's accumulated information regarding the preferences and pricing practices of GOI's vendors and customers and importer-purchasers is extremely valuable as it confers a significant competitive advantage over others who do not possess such information. This information is not readily known outside GOI. TSL therefore covenants and agrees that neither it, nor any of its officers, directors, shareholders, consultants, attorneys, employees, agents or other Affiliates, shall ever, at any time (whether during or after the term of this Agreement), without the prior written consent of GOI, publish or disclose to any third party or use for TSL's or any of the foregoing persons' own direct or indirect benefit or advantage, or make available for others to use, any such Confidential Information. TSL shall, upon termination of this Agreement, promptly deliver to GOI all Confidential Information, including, but not limited to, all files, books, documents, computer disks or tapes, and other property prepared on behalf of, or purchased by, GOI, including Confidential Information produced by our own efforts, and shall refrain from making, retaining or distributing any copies thereof. TSL shall not remove any Confidential Information in any form whatsoever, whether prepared by TSL or otherwise, from

3



the premises of GOI under any circumstances whatsoever, without the express prior written consent of GOI.

8. <u>Non-Solicitation/Non-Competition</u>. (a) During the term of this Agreement and for a period of One (1) year thereafter, neither TSL nor any of TSL's officers, directors, shareholders, consultants, attorneys, employees, agents or other Affiliates shall, either directly or indirectly, for its own account or as an agent, servant or employee, or as a shareholder of any corporation, or partner in, or member of, or owner of any firm, (i) engage, hire, employ or solicit the employment of any employee of GOI or any person who was an employee of GOI during the then most recent twelve (12)-month period ended; or (ii) engage in any business similar to, or in competition with, GOI's business of brokering the sale of greige fabrics, yarn, finished fabric and stitched made-ups for Home Furnishing in the United States only. Textile chemical & Textile machinery & equipment will be exempt from this restriction and TSL can do business in these non-conflicting lines. Also TSL can carry on with their already established business of brokering /selling of greige fabrics, yarn, finished fabric and stitched made-ups for Home Furnishing in other parts of the world except USA . TSL acknowledges that because of the competitive nature of the business of GOI, and the repeat transactions of GOI with its respective customers and suppliers, the development and enhancement of relationships with such customers and suppliers constitute goodwill, which is critical to GOI's success and is one of the most valuable business assets of GOI. Accordingly, TSL recognizes and hereby explicitly agrees that all goodwill with the customers and suppliers of GOI, and the importer-purchasers whose names are disclosed to TSL at any time, howsoever generated or developed, belongs exclusively to GOI and TSL expressly agrees that it shall not, at any time, interfere with such goodwill.

(b) During the term of this Agreement, neither TSL nor any of TSL's officers, directors, shareholders, consultants, attorneys, employees, agents or other Affiliates shall (i) engage in any business similar to, or in competition with, GOI's business, nor (ii) solicit, sell or contact (with a view to selling to) any customer of GOI, nor (iii) render any consultant services to any person or entity (agents, brokers, suppliers) engaged in a business which is the same or similar to GOI's business, nor (iv) become interested in any person or entity (agents, brokers, suppliers) engaged in a business which is the same or similar to GOI's business, whether as a partner, shareholder, principal, agent, employee, employer, trustee, consultant, owner or in any other relationship or capacity whatsoever, within the geographical area encompassing the United States; provided that notwithstanding the foregoing, TSL may own, solely as a passive investment, up to one percent (1%) of the securities of any person or entity which are traded on any nationally recognized securities exchange or automated quotation system.

9. <u>Unique Relationship; Reasonableness of Restrictions</u>. As a representative of GOI hereunder, TSL acknowledges and agrees that due to its access to GOI's Confidential Information, as well as the expertise and strategies of GOI and its highly trained staff during the course of such representation, TSL will develop skill and expertise regarding GOI's business which will allow TSL to provide unique and special services to GOI in brokering the sale of greige fabrics, yarn and other textile and textile-related goods. All of these factors place TSL in a

4



unique position advantageously to compete with GOI and/or its affiliated entities and to assist a competitor in competing with Gateway and/or its affiliated entities in the textile brokering business by utilizing GOI's Confidential Information, including using such Confidential Information to lure away key GOI employees. TSL agrees that such competition would be unfair and would cause irreparable harm to GOI. Accordingly, TSL acknowledges that the restrictions contained in Sections 6-8 above are reasonable and necessary, in view of the nature of GOI's business, to protect the legitimate interests of GOI and that any violation thereof would result in irreparable injury to GOI. TSL agrees, therefore, that in the event of a breach or threatened breach by TSL of any of the provisions of Sections 6-8 above, GOI shall be entitled, and TSL hereby consents, to preliminary and permanent injunctive relief from any court of competent jurisdiction without being required to post a bond or surety in connection therewith.

10. <u>Amendments</u>. No amendment, modification or waiver of any of the provisions of this Agreement shall be binding or effective for any purpose unless it is made in a writing signed by the party against whom enforcement of such amendment, modification or waiver is sought.

11. <u>Prior Agreements</u>. TSL represents to GOI (a) that there are no restrictions, agreements or understandings whatsoever to which it is a party which would prevent or make unlawful its representation of GOI pursuant to the provisions of this Agreement; (b) that none of the terms of this Agreement shall constitute a breach of any agreement or understanding, oral or written, to which it is bound; and (c) that TSL is free and able to undertake its obligations hereunder and to enter into with GOI and/or its affiliates.

12. <u>Controlling Law and Interpretation and Submission to Jurisdiction</u>. TSL agrees to be subject to the jurisdiction of any Federal or state court located in the counties of New York, Nassau or Suffolk in the State of New York in connection with any dispute relating to this Agreement. This agreement shall be governed by the laws of the State of New York and the Federal laws of the United States of America, without regard to conflicts of law principles thereof.

13. <u>Assignment</u>. This agreement is not assignable, in whole or in part, by TSL.

14. <u>Indemnification</u>. Each of GOI and TSL (the "Indemnifying Party") agrees to indemnify and hold the other and each of the other's officers, directors, employees, owners, agents and Affiliates harmless from and against any and all claims, demands, actions, proceedings and costs (including reasonable attorneys fees) in any way resulting from the acts or omissions of the Indemnifying Party, its agents or employees.

15. <u>Term and Termination</u>. The term of this Agreement shall continue in effect from year to year, subject at all times however to termination by either party, with or without cause, effective any date during any contract year, upon the giving of at least thirty days written notice in advance. Both parties agree that the foregoing notice period is commercially

5





reasonable. In the event of termination of this Agreement in the manner set forth above, TSL shall be entitled to commissions on all Qualified Sales accepted by GOI Contacts prior to the effective date of the termination, which commissions shall be payable in accordance with the payment provisions hereunder. GOI may appoint another broker to assume TSL's duties during the pendency of any notice of termination.

16.  **Notices.** Notices given regarding this Agreement shall be in writing, delivered by overnight courier addressed to the intended recipient at the address that appears above, unless a more recent address has been furnished by that party in the manner provided in this Section 16. Notices shall be deemed effective the second business day following their mailing.

17.  **Entire Agreement.** This Agreement constitutes the entire agreement between the parties and supersedes and replaces all other agreements and understandings of the parties. TSL represents and warrants that it has carefully read this Agreement in its entirety and has had an opportunity to consider fully its contents. TSL further warrants that it understands this Agreement and is signing it with full knowledge, assenting to all of the provisions contained herein.

18.  **No Waiver.** GOI's failure to enforce any provision of this Agreement shall not constitute a waiver of its rights under such provision or any other.



6



IN WITNESS WHEREOF, the parties have duly signed this Agreement as of the day first written above.

**TEXCRAFT SOLUTIONS (Pvt.) LTD.**

By: _____
Name: Ahsan Saeed Khan
Title: Chief Executive
241- Eden Avenue, Defence Road,
Lahore- Pakistan

**TEXCRAFT SOLUTIONS (Pvt.) LTD.**

By: _____
Name: Mirza Usman Ghani
Title: Director
187-X, DHA, Phase-III,
Lahore-Pakistan

**TEXCRAFT SOLUTIONS (Pvt.) LTD.**

By: _____
Name: Ali Imran Iqbal
Title: Director
320-DD, DHA, Phase-IV,
Lahore- Pakistan

**GATEWAY OVERSEAS, INC.**

By: _____
Name: MADHU WAGH
Title: DIRECTOR,
GATEWAY OVERSEAS INC.
377, RECTOR PLACE, SUITE 2.C,
NEW YORK, NY- 10280-1433

ATTESTED



SCHEDULE A

EXCLUDED VENDORS

Alkaram
H-T/11, Landhi Industrial Area,
Karachi –22, Pakistan
**Phone:** 92-21-5018638-44
**Fax:** 92-21 5018631, 5018632

Gulhamed
Ht-4/B Landhi Post Code 75120,
Karachi No. 22
**Phone:** 92 21 5082626 – 30
**Fax:** 92 21 5082625, 5017565

Nakshbandi
177-A Sindhi Muslim Cooperative Housing Society
Karachi- 74400
**Phone:** 92-21- 4540951 – 5
**Fax:** 92-21-4540045, 5080753

Nina Industries
A/29 A, Manghopor Road S.I.T.E
Karachi – 75700 Pakistan
**Phone:** +92-21-2575571 – 74
**Fax:** +92-21-2562315 – 19

Towellers
Toweller House, W.S.A 30-31
Block 1, Federal, "B" Area Karachi – 75950 (Pakistan)
**Phone:** 92-21-6326868, 6322500,
**Fax:** 92-21-6314884, 6312442

Yunus Brothers
1-A Gordhandas Market M.A, Jinnah Road, Karachi
**Phone:** 92-21-2438523, 2430824
**Fax:** 92-21-2414597

Bari Mills
D-107, Textile Avenue, S.I.T.E.,
Karachi – 75700 Pakistan
**Phone:** 92-21 2576171-2, 2568178-9 **Fax:** 92-21 2576637

8